# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KYLEE GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-63 (MTT) |
| | ) |
| SOUTHERN CREDIT BUREAU CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Kylee Gordon moves for an award of attorney's fees and litigation expenses. For the following reasons, that motion (Doc. 8) is **GRANTED** in part, and the Defendant is **ORDERED** to pay the Plaintiff $11,426.70 in reasonable attorney's fees and litigation expenses.

## I. BACKGROUND

The Plaintiff alleged Defendant Southern Credit Bureau Corporation violated the Fair Debt Collection Practices Act ("FDCPA") by falsely representing itself as a government entity in a state court collection action against the Plaintiff. Doc. 1 at 3-6. Within a month, the Plaintiff gave notice of her acceptance of the Defendant's offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Doc. 7. The judgment resolved the claims for statutory and actual damages under the FDCPA and recognized the Defendant's liability for fees and expenses, although the amount of fees and expenses was unresolved. Doc. 7-1 at 1-2. After the parties failed to agree on an

amount, the Plaintiff moved for an award of $15,812.00 in attorney's fees, claiming a reasonable hourly rate of $295.00 per hour for 53.6 hours, and $426.70 in costs. *See generally* Doc. 8.

## II. DISCUSSION

### A. Standard

The FDCPA allows a successful plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k. "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation and quotation marks omitted).[1] This number is called the "lodestar," and "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Id*. (citation and quotation marks omitted). The district court should exclude "hours that were not reasonably expended," such as work that was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In determining whether a lodestar is reasonable, the district court should consider twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required, (2) the novelty and difficulty, (3) the skill required to perform the legal service properly, (4) the opportunity cost of the attorney's inability to work on other cases as a result of accepting this one, (5) the customary fee, (6) whether the fee is fixed or

---

[1] In *Bivins*, the district court had determined attorney's fees under § 1988, not the FDCPA. 548 F.3d 1348, 1350 (11th Cir. 2008). But the Supreme Court has observed that Congress generally patterns attorney's fees provisions of new statutes on those provisions of pre-existing statutes, and "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (citations omitted).

contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of money at issue and the results obtained, (9) the experience and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) attorney's fee awards in similar cases. 488 F.2d 714, 717-19 (5th Cir. 1974),[2] *overruled on other grounds by Blancher v. Bergeron*, 489 U.S. 87 (1989); *see also Blancher*, 489 U.S. at 92 ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees[.]").[3] Downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993). It is the burden of the party seeking an award of fees to submit evidence to support the hours and rate claimed, and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The Court may also consider its own experience in determining reasonable fees. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[3] Although courts have considered the *Johnson* factors, recent precedent has limited *Johnson*'s applicability. *See, e.g.*, *In re The Home Depot, Inc. Customer Data Security Breach Litigation*, No. 17-14741 at 28, 28 n.17 (11th Cir. Jul. 25, 2019) ("The Supreme Court has made it plain that most, if not all, of the factors used to determine a reasonable fee are already subsumed in the lodestar, and it is not permissible to enhance a fee based on a factor that is subsumed. That would be double counting[.]") (quotation marks and citations omitted). As stated below, the Court finds that consideration of the *Johnson* factors does not warrant an adjustment to the lodestar in this case.

**B. Rate**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citation omitted). "The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quotation marks and citation omitted). Satisfactory evidence is "more than the affidavit of the attorney performing the work." *Id.* (quotation marks and citation omitted).

Both of the Plaintiff's lawyers claim a rate of $295.00. Doc. 7 at 5-6. They argue, based on affidavits, a consumer law survey, and fee awards in two of the Court's prior decisions, *Drew v. Mamaroneck Capital, LLC*, 2018 WL 3232779, at *1 (M.D. Ga. July 2, 2018) and *Lahey v. S. Credit Bureau Corp.*, 2018 WL 5724442, at *1 (M.D. Ga. Nov. 1, 2018), that the rate is reasonable. *Id.* In response, the Defendant argues that rate is unreasonable and unsubstantiated. Doc. 12 at 4. The Defendant argues $275.00 would be reasonable and notes that Court awarded only $275.00 in late 2018 to the same counsel in a similar case. *Id.* In reply, the Plaintiff's counsel argue they handled this case skillfully (by obtaining a Rule 68 offer of judgment) and that they have gained experience since 2018. Doc. 16 at 3-5.

The Court finds that a rate of $275.00 is appropriate. The past cases the Plaintiff cites are inapposite because in *Drew* the rate was based in part on "the novelty of the Plaintiff's case," and in *Lahey* the requested rate was unopposed. *Drew* at *3; *Lahey* at *2. The national survey the Plaintiff cites states a standard rate for Macon, Georgia, but

it does not state the basis of that rate.  Doc. 8-3 at 1-2.  The Court attempted to find the basis of that rate but could not determine important parameters of the survey, such as sample size for the Macon area.  Further, there are some indicia of unreliability: for instance, according to the survey, an attorney with 26-30 years of experience would bill $275.00 per hour, and an attorney one year out of law school would bill $290.00.  The survey is not evidence of a reasonable rate.  Doc. 8-3 at 2.  The Defendant does not oppose a rate of $275.00, and after considering prior cases and the Court's own experience, $275.00 per hour is reasonable.  *See* Doc. 12 at 5.

### C. Hours

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 at 1350 (citation omitted).  Here, the Court reduces the hours with an across-the-board cut.

The Plaintiff's counsel claims that after excluding excessive, redundant, or otherwise unnecessary hours, they are entitled to a fee award for 53.6 hours reasonably spent on this litigation.  Doc. 8-1 at 7.  In response, the Defendant argues that some time entries are too vague, that some time entries describe administrative tasks, that some of the claimed hours are excessive, and that some claimed hours reflect work unrelated to the case.  Doc. 12 at 6-7, 13-15.  After carefully considering the arguments in the briefs and examining the time entries, the Court finds that some of the requested hours are excessive and that others are not hours attributable to this case.  For instance, the Plaintiff's counsel claims 10 hours for "rough[ing] out" a possible reply brief for this fee motion on March 24-25, 2019, before the Plaintiff even filed the fee motion.

Doc. 8-2 at 2. At least part of that ten hours likely reflects the difficulty inherent in drafting a reply brief without knowing the issues raised in the response. As another example, the Plaintiff's counsel claims 7.9 hours related to filing the fee petition. As the Defendant points out, however, the fee petition is only a slight modification of petitions filed in others cases. Given the slight extent of changes to the earlier petition, 7.9 hours is excessive.[4]

Additionally, the Plaintiff's counsel request compensation for defending the Plaintiff in the underlying state court collection action, reasoning that "[t]he work done for the collection action was necessary to uncover information regarding the FDCPA claim." Doc. 16 at 6. The Plaintiff provides no information explaining how those individual entries were connected to work on the FDCPA claim and no authority indicating that time defending the collection action is compensable in a fee award.[5]

After reviewing the hours, the Court finds that an across-the-board cut is appropriate and the Plaintiff is entitled to recover for 40 hours of attorney's fees. At a rate of $275.00, the Plaintiff is entitled to recover reasonable attorney's fees in the amount of $11,000.

**D. Expenses**

The Plaintiff also claims $426.70 in litigation expenses from the filing fee and postage. Docs. 8-1 at 8-9; 8-2 at 3. The Defendant agrees that an award of those

---

[4] To be clear, the Court sees no problem with building on work in earlier cases. The point is that the claimed 7.9 hours is excessive in light of the slight changes made.

[5] It is true that attorneys' fees actually incurred in defending the underlying collection action may be recoverable as actual damages under the FDCPA. *See, e.g.*, *Lowe v. Elite Recovery Sols. L.P.*, 2008 WL 324777, at *3 (E.D. Cal. Feb. 5, 2008). Including those hours as attorney's fees would create a risk of double recovery. Further, inasmuch as attorney's fees are recoverable as damages, the parties settled that claim, and the Court entered judgment on it. Docs. 7; 7-1; 9.

expenses is appropriate. Doc. 12 at 16. The Court finds that the expenses are reasonable and the Plaintiff is entitled to recover them.

### III. CONCLUSION

For the reasons states above, the Plaintiff's motion (Doc. 8) is **GRANTED** in part, and the Defendant is **ORDERED** to pay the Plaintiff $11,426.70 in reasonable attorney's fees and litigation expenses.

**SO ORDERED**, this 20th day of August, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
